DECISION AND JOURNAL ENTRY
Defendant, Curtis Chapman, has appealed from his conviction for intimidation by the Lorain County Court of Common Pleas. We affirm.
On September 1, 1999, Defendant was indicted on one count of intimidation, in violation of R.C. 2921.03(A); and one count of obstructing official business, in violation of R.C. 2921.31(A). Following a jury trial, Defendant was found guilty of intimidation and not guilty of obstructing official business. On October 18, 1999, Defendant was sentenced to five years imprisonment. Defendant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I The judgment of conviction of intimidation is against the manifest weight of the evidence and contrary to law and the trial court erred when it overruled [Defendant's] motion for acquittal pursuant to Ohio Criminal Rule 29.
 In his first assignment of error, Defendant has argued that his conviction was against the manifest weight of the evidence and insufficient as a matter of law. We disagree.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasissic) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Pursuant to R.C. 2921.03(A):
 No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of the person's duty.
Upon review of the evidence presented at trial, Defendant's conviction for intimidation was supported by the manifest weight of the evidence.
Evidence was presented that Officer Jeffrey LaCock arrested Defendant on an outstanding warrant on July 28, 1999. At the time of the arrest, Defendant became agitated and very belligerent towards the officers. When Officer LaCock first approached Defendant, Defendant stated "This is fucking bullshit. You have no right to arrest me. You don't have a warrant." Defendant was then placed in Officer LaCock's cruiser while the officers attempted to confirm Defendant's identity. After asking Defendant a second time for his name, Defendant stated "Fuck you. If you want anything out of me, you're just going to have to beat my ass. Just drag me out of the car and beat my ass." Shortly thereafter the officers were able to confirm Defendant's identity and he was placed under arrest. En route to the police station for booking Defendant stated "This is fucking bullshit. I'm going to kill you. I'm going to beat your fucking ass. You're a pussy. You ain't shit without that badge and gun." He then went on to state "You know what, LaCock, I'm going to agitate you to the point you're going to have to take me out of this car and beat my ass." He then commented that the name LaCock is not a common name and that when he gets out of prison, anyone he meets with that name he is going to consider to be one of the officer's family members, and he would "take care of it." Upon arriving at the station, Defendant was escorted into the booking area. That area is videotaped. While in the booking area and while aware that he was being taped, Defendant again threatened Officer LaCock and his family. The tape was presented to the jury. Officer LaCock testified that based upon these treats, he was fearful for the safety of his family.
After reviewing the entire record and weighing the evidence presented, the jury did not clearly lose their way in finding Defendant guilty of intimidation. Therefore, since the conviction was not against the manifest weight of the evidence, the conviction was necessarily supported by sufficient evidence. Defendant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The imposition of a maximum consecutive sentence is contrary to the principles and purposes of sentencing.
 In his second assignment of error, Defendant has argued that the trial court erred by sentencing him to the maximum sentence permissible under the law. We disagree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1) and (4). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Under R.C. 2929.14(C), a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. The only two criteria relevant to this appeal are whether the defendant "committed the worst form of the offense" or "pose[s] the greatest likelihood of committing future crimes[.]" Id. In order for the sentence to withstand scrutiny on appeal, the trial court must make a finding with respect to one of the four criteria and give reasons for that finding. R.C. 2929.19(B)(2)(d). In construing R.C. 2929.14(B), the Ohio Supreme Court has noted that "the verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that [the sentence was imposed] for at least one of the [enumerated] sanctioned reasons." State v. Edmonson
(1999), 86 Ohio St.3d 324, 326.
In the case at bar, a review of the sentencing journal entry reveals the following:
 The Court finds for the reasons stated on the record, pursuant to Ohio Rev. Code § 2929.14(C) that [t]he defendant has committed the worst form of the offense; [and] [t]he defendant poses the greatest likelihood of recidivism.
Therefore, the trial court made the required findings. Additionally, during the sentencing hearing the trial court stated on the record its reasons for sentencing Defendant to the maximum sentence. Specifically, the trial court pointed to the fact that Defendant threatened Officer LaCock and his family several times, Defendant's prior criminal record indicates multiple crimes of violence and possession of a firearm, and that Defendant was on parole at the time of the offense. Therefore, the court stated appropriate reasons to support the findings enumerated above. In light of the fact that the trial court complied with all sentencing mandates, it did not err in sentencing Defendant to the maximum sentence.
Defendant's second assignment of error is without merit.
Defendant's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.